## McHENRY, et al,
### *Respondents,*
#### *v.*
## BROADFOOT,
### *Appellant.*

(No. L 11,331, CA 12832)

611 P2d 1174

Garry L. Reynolds, Hermiston, argued the cause and filed the brief for appellant.

Robert W. Collins, Pendleton, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Gillette and Warren, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Plaintiff sought and recovered damages for breach of a lease agreement. The agreement was that defendant would become the tenant of a building which the plaintiff was to erect on land which he had in turn leased. The terms of the land lease required that the building and the business conducted in the building had to meet the approval of the landowner. Prior to negotiating the building lease with defendant, plaintiff had sought and received the required approval from the landowner. Before the plaintiff constructed the building, defendant advised plaintiff that he did not intend to proceed in accordance with the terms of the building lease. Plaintiff did not thereafter complete the building.

The sole question on appeal is whether the trial court was correct in instructing the jury that the measure of damages was plaintiff's loss of anticipated profits. We hold that it was. We have not found an Oregon case on point, but are persuaded by the reasoning of *Brodsky v. Allen Hayosh Ind., Inc.* 1 Mich App 591, 137 NW 2d 771 (1965), which dealt with circumstances similar to those here. There the court said:

> "Generally, it may be said that rental value, and not profits, is the usual measure of damages for breach of covenants to lease, or of contracts and covenants with relation thereto. Profits may be recovered, however, where they were an element of the contract, provided they are not speculative or conjectural or incapable of estimation."

> "Breach of contract by a tenant or lessee is very much like a breach by the purchaser of a contract of sale and purchase. The lessee agrees to buy the use of the premises or thing rented and fails to perform his contract, and as in the case of a breach of an agreement to purchase, the damages allowed are designed to be compensatory only, placing the party in the position he would have occupied if the breach had not occurred, the allowance being the difference between the real or market value and the contract price, and not the profits which might have accrued to the

lessor." 32 Am Jur, Landlord and Tenant, § 161, p 157.

"The contract at issue here is different from an ordinary lease. It required the lessor to erect a building to suit the needs of the prospective tenant. The lack of a market for the plaintiff's rental premises is sufficient in this case to make the measure of damages something other than the difference money standard quoted above." 1 Mich App at 597.

Affirmed.